577 F.2d 234
 78-2 USTC P 9490
 Bernard P. McDONOUGH and Alma G. McDonough, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 No. 77-1973.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 3, 1978.
Decided June 8, 1978.
 
 G. Thomas Battle, Charleston, W. Va. (Cynthia L. Turco, Spilman, Thomas, Battle & Klostermeyer, Charleston, W. Va., on brief), for appellants.
 Gilbert S. Rothenberg, Atty., Tax Div., Dept. of Justice, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Richard Farber and Gilbert E. Andrews, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief), for appellee.
 Before WINTER, BUTZNER and HALL, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 Bernard P. McDonough and Alma G. McDonough appeal from a judgment of the Tax Court which sustained the commissioner's determination that the taxpayers' payment of interest on margin accounts and short-term bank loans was incurred or continued in order to purchase or carry tax-exempt securities.[1] We affirm the Tax Court's disallowance of this interest.
 
 
 2
 In 1972 and 1973 the taxpayers paid interest on brokerage margin accounts through which only taxable securities were bought and sold. They also paid interest on short-term bank loans used primarily to pay income taxes. During these years the taxpayers owned tax-exempt securities that were purchased for cash and never pledged as collateral. Furthermore, they were held separately from the brokerage accounts for taxable securities.
 
 
 3
 The taxpayers deducted all of their interest payments, but the commissioner, invoking § 265(2) of the Internal Revenue Code of 1954, did not allow part of the deduction.[2] The taxpayers sought a redetermination in the Tax Court of the deficiency assessment. Relying on legal principles which the taxpayers do not question, the court reiterated:
 
 
 4
 (T)he statutory disallowance is not activated merely by the simultaneous existence of an indebtedness and the holding of tax-exempt obligations.
 
 
 5
 The touchstone for decision is the purpose of the taxpayer in incurring or continuing the indebtedness and the burden of proof is on the petitioner. . . . (T)he deduction will be barred if there is 'a sufficiently direct relationship' between the incurring or continuing of the indebtedness and the acquisition or holding of the tax-exempt obligations. Indian Trail Trading Post, Inc. v. Commissioner of Internal Revenue, 60 T.C. 497, 500 (1973), aff'd, 503 F.2d 102 (6th Cir. 1974).
 
 
 6
 The court then held that the taxpayers failed to prove that they did not incur or continue indebtedness to purchase or carry tax-exempt securities within the meaning of the statute.
 
 
 7
 On appeal, the taxpayers contend that they introduced sufficient evidence to overcome the presumption of correctness accorded the commissioner's determination and to establish entitlement to the full deduction. They emphasize that their long and consistent history of using margin accounts solely for the purpose of acquiring taxable securities and their temporary need for a loan to pay taxes demonstrate that the indebtedness bore no relation to the purchase of tax-exempt obligations for cash.
 
 
 8
 The Tax Court faced largely factual questions in resolving these issues. The purpose for incurring indebtedness must be determined from all the relevant circumstances. The taxpayers advanced no explanation for not liquidating their tax-exempt holdings to reduce their indebtedness other than their desire to maintain a portfolio of both taxable and tax-exempt securities and to make the maximum use of the money invested in taxable securities. Therefore, we find no error in the Tax Court's ruling that the taxpayers failed to prove that they did not incur or continue the indebtedness to purchase or carry their tax-exempt securities within the meaning of § 265(2). Cf. Israelson v. United States, 367 F.Supp. 1104 (D.Md.1973), aff'd, 508 F.2d 838 (4th Cir. 1974) (table).
 
 
 9
 The taxpayers also contend that Revenue Procedure 72-18, which establishes the commissioner's guidelines for assessing claims under § 265(2), is inconsistent with the intent and purpose of the statute. This publication is largely based on cases which have interpreted § 265(2). Moreover, the Tax Court relied on it only for assessing the amount of the deficiency, which the taxpayers have not challenged. We therefore find no cause for reversal in this assignment of error.
 
 
 10
 The judgment is affirmed.
 
 
 
 [1]
 The Tax Court decision is reported as McDonough v. Commissioner, 46 P-H T.C.M. 211, 36 C.C.H. T.C.M. 213 (1977)
 
 
 [2]
 Section 265 (26 U.S.C. § 265) provides in pertinent part:
 No deduction shall be allowed for
 (2) Interest or indebtedness incurred or continued to purchase or carry obligations . . . the interest on which is wholly exempt from the taxes imposed by this subtitle.
 The commissioner computed the disallowance by applying the formula specified in § 7 of Rev.Proc. 72-18, 1972-1 C.B. 740, 743.