BUTZNER, Circuit Judge:
The Equal Employment Opportunity Commission appeals from an order of the district court summarily dismissing claims of sex discrimination brought under Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seg.] against the Chesapeake & Ohio Railway Company and claims of racial discrimination with respect to jobs in Richmond, Virginia, that were not subject to the company’s bargaining agreement with the Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees (BRAC). The commission also appeals from the judgment of the district court which, after trial, dismissed all claims that the company discriminated against black employees who were subject to the BRAC bargaining agreement at Richmond. Specifically, the commission complains that the district court erred by holding that the company had not discriminated against any employees and by ruling that certain back pay claims were untimely. We affirm in part and reverse in part.
I
The initial charge was filed with the commission by Jeffreys Drew, Sr., a black employee covered by the BRAC contract who alleged racial discrimination because the company refused to allow him to transfer from a laborer’s job to a clerical position and wrongfully forced him to retire as physically unfit. While investigating this charge the commission determined that the company discriminated against women and black employees in filling higher level jobs both within and without the coverage of the BRAC agreement. In its determination of reasonable cause the commission notified the company of its findings of both sex and race discrimination with respect to non-BRAC employees. It specifically noted that no blacks were employed as officials, managers, professionals, or technicians and that no women were employed in other than clerical jobs. It also concluded that the company’s minimum height requirement for many jobs discriminated against women as a class. These alleged deficiencies, along with Drew’s charge, were the subject of the commission’s proposed conciliation agreement.
The court granted partial summary judgment for the company “as to charges of sex discrimination and as to charges of any discrimination outside the Richmond . BRAC bargaining unit.” It found, based on exhibits and depositions of EEOC officials, that these additional charges were not the outgrowth of a reasonable investigation of the initial charge. It therefore concluded that the principles stated in EEOC v. General Electric Co., 532 F.2d 359 (4th Cir. 1976) were not applicable.
In General Electric we ruled that a suit brought by the commission is not limited to the initial charge; the suit can be based on evidence of other discrimination developed in the course of a reasonable investigation *232 of an initial charge, provided that these illegal practices are “included in the reasonable cause determination of the EEOC and . [are] followed by compliance with the conciliation procedures fixed in the Act.” 532 F.2d at 366.
It is undisputed that here the commission’s information about the employment status of women and non-BRAC employees was obtained from its examination of the company’s employment records while it was investigating the initial charge. The statistics showing unequal employment opportunities for women and black workers provide sufficient evidence for the reasonable cause determination. See Teamsters v. United States, 431 U.S. 324, 334-43, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). A minimum height requirement also may indicate discrimination against women. See Dothard v. Rawlinson, 433 U.S. 321, 328-31, 97 S.Ct. 2720, 53 L.Ed.2d 786 (1977).
The reasonable cause determination is not designed to adjudicate an employer’s alleged violations of the Act but to notify an employer of the commission’s findings and to provide common ground for conciliation. The commission’s investigation of the initial charge reasonably satisfied these requirements, and its determination of reasonable cause and the proposed conciliation complied with § 706(b) of the Act [42 U.S.C. § 2000e-5(b)]. We therefore conclude that the commission conformed to the principles of General Electric and that the order granting the company partial summary judgment must be vacated.
II
The commission contends that the company discriminated against black employees in the BRAC bargaining unit as a class because until 1972, seniority rosters prevented black laborers from transferring to clerical, messenger, and mail jobs. These restrictions were lifted in 1972, and the commission does not assert that the current seniority system is discriminatory. The commission also raises no issue of discrimination in hirings and layoffs. It does, however, assert that black members of the BRAC bargaining unit who have more employment seniority than white employees holding the preferred positions are presently suffering the effects of past discrimination.
The company asserts that although the BRAC seniority system had a disproportionate impact on black employees in Richmond, it was adopted throughout the entire railroad system without any intention to discriminate. It points out that in other parts of the country the same limitations prevented white laborers from transferring to preferable jobs for the same reasons that blacks were barred from these jobs in Richmond.
Section 703(h) of the 1964 Civil Rights Act [42 U.S.C. § 2000e-2(h)] provides in part:
Notwithstanding any other provision of this subchapter, it shall not be an unlawful employment practice for an employer to apply different standards of compensation, or different terms, conditions, or privileges of employment pursuant to a bona fide seniority or merit system, . provided that such differences are not the result of an intention to discriminate because of race, .
Since the BRAC seniority system was facially neutral, and since it was instituted in every division of the railroad throughout many states without any intention to discriminate, it is a bona fide system within the meaning of § 703(h). In discussing the scope of this section in Teamsters v. United States, 431 U.S. 324, 353-54, 97 S.Ct. 1843, 1864, 52 L.Ed.2d 396 (1977), the Supreme Court held that:
[A]n otherwise neutral, legitimate seniority system does not become unlawful under Title VII simply because it may perpetuate pre-Act discrimination. Congress did not intend to make it illegal for employees with vested seniority rights to continue to exercise those rights, even at the expense of pre-Act discriminatees. *233 The BRAC seniority system, therefore, is not unlawful simply because it perpetuated the company’s pre-Act discrimination in hiring. Furthermore, since the commission has not raised any issue of post-Act discrimination in hiring or layoffs, we conclude that the BRAC seniority system which was in effect until 1972 does not afford any ground for relief.
Ill
The commission also asserts that the company discriminates in its promotion policies governing positions that are excepted from the BRAC seniority plan. Most of these jobs require specialized abilities or a specific technical background and many carry supervisory responsibilities. Openings for these jobs are posted for bidding by all employees, and the railroad may select the applicant it considers best qualified. Prior to 1967, all 76 excepted positions were held by white employees. Of the 51 positions still in existence in 1976, only one was held by a black employee. The commission’s proof disclosed only seven vacancies during the time pertinent to this suit. One was filled by a black employee.
The statistical evidence concerning appointments to these excepted positions since the enactment of Title VII reveals that the company filled 14% of the vacancies with the promotion of a single black employee. In the absence of data concerning the number of qualified black persons in the labor pool, the commission’s evidence is insufficient to establish a prima facie case of racial discrimination against black employees as a class. See Hazelwood School District v. United States, 433 U.S. 299, 97 S.Ct. 2736, 53 L.Ed.2d 768 (1977); Teamsters v. United States, 431 U.S. 324, 334-43, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).
In support of the commission’s claim for class relief, however, a BRAC official testified that he knew of a black employee who “could have been awarded” an excepted position but was not. Although we hold that there is no entitlement to class relief, on remand the facts underlying this testimony should be explored to determine whether an individual claim exists.
IV
The commission assigns error to the district court’s dismissal of Drew’s claim and the claims of two other employees who contend that the company discriminated against them because of their race during its on-the-job training program. Noting that the resolution of these claims depended on the credibility of the witnesses’ testimony and that the inferences which could be drawn from the evidence sharply conflicted, the district court denied relief. Upon review of the record we cannot say that its findings were clearly erroneous.
V
The commission also contests the district court’s dismissal of back pay claims on the grounds of laches and Virginia’s two-year statute of limitations. Our ruling in Part II necessarily disposes of any claims for back pay premised on the illegality of the pre-1972 BRAC seniority system. Since, however, other individual claims for back pay may be presented in the trial on the claims of race and sex discrimination mentioned in Parts I and III of this opinion, it is appropriate to discuss the district court’s ruling.
After the district court announced its decision, the Supreme Court held in Occidental Life Insurance Co. v. EEOC, 432 U.S. 355, 366-72, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), that state statutes of limitations should not be applied to the commission’s suits under Title VII. It recognized, however, that an employer might be prejudiced by the commission’s inordinate delay. In such cases it observed that a district court has discretionary power to deny back pay relief. 432 U.S. at 373, 97 S.Ct. 2447.
Applying Occidental in EEOC v. American National Bank, 574 F.2d 1173 (4th Cir., *234 1978), we concluded that until all the facts have been developed, a district court should not decide whether the commission’s delays have caused prejudice to the employer justifying a limitation of relief. In the case at bar, the question of prejudice must be answered with respect to each back pay claim, and it can be decided only after the circumstances surrounding each claim have been fully explored. A finding of prejudice cannot rest on the company’s generalized assertions; prejudice must arise from and be assessed with respect to the facts of each individual claim.
In No. 76-1900, the judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion. In No. 76-2442, the judgment is affirmed in part and reversed in part. Each party shall bear its own costs.